IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KINGMAN HOLDINGS, LLC** | § | |
| **AS TRUSTEE OF THE DRAYTON** | § | |
| **DRIVE 8645 LAND TRUST**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:13-CV-1688-L** |
| | § | |
| **THE BANK OF NEW YORK, AS** | § | |
| **TRUSTEE,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is  Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7), filed

on May 9, 2013, and Defendant's Motion for Dismissal of Plaintiff's Amended Complaint Pursuant

to Rule 12(b)(6) (Doc. 15), filed June 24, 2013.  After carefully considering the motion, briefing,

pleadings, and applicable law, the court **vacates** the order of reference to the magistrate judge (Doc.

12) of Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7), **denies as moot**

Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7) in light of Defendant's later filed

motion to dismiss Plaintiff's Amended Complaint, and **denies** Defendant's Motion for Dismissal

of Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15).

**I.     Background**

This is a mortgage foreclosure case that was originally brought by the trustee of the Drayton

Drive 8645 Land Trust ("Plaintiff") on March 27, 2013, in the County Court at Law No. 4, Dallas

County, Texas, against Defendant The Bank of New York, as Trustee ("Defendant").   In its

Amended Complaint, the live pleading, Plaintiff alleges that it acquired the property at issue located at 8645 Drayton Drive, Dallas, Texas (the "Property") on January 17, 2012. Plaintiff further alleges that its predecessor acquired the Property on November 4, 2008, at a Home Owners Association lien foreclosure sale.[1] In addition, Plaintiff alleges that the Property was previously owned by Milton Carrero and Herman Carrero (the "Carreros"), who took title to the Property on December 27, 2005. Plaintiff acknowledges that, when the Carreros acquired the Property, there was a deed of trust ("Deed") in favor of America's Wholesale Lender ("AWL") recorded in the county records, and that an assignment of the Deed from AWL to Defendant was recorded on August 4, 2011. Plaintiff further alleges that Defendant has taken steps to foreclose on the Property by recording a notice of foreclosure with the Dallas County clerk indicating that the borrowers are in default under the Deed.

Plaintiff has asserted a quiet title claim and seeks a declaratory judgment "and/or injunctive relief" to prevent Defendant from foreclosing on the Property. Pl.'s Compl. 4. Plaintiff alleges that more than four years have elapsed since the note ("Note") secured by the Deed was accelerated. Plaintiff therefore contends that Defendant is barred by applicable statute of limitations under section 16.035 of the Texas Civil Practices and Remedies Code from exercising enforcement powers under the Deed.

Defendants removed the action to federal court on May 2, 2013. On May 9, 2013, Defendants moved for dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On May 30, 2013, Plaintiff filed its Amended Complaint. On June 24, 2013, Defendant moved to dismiss Plaintiff's Amended Complaint. In support of its motion to dismiss Plaintiff's

---

[1] Plaintiff does not specifically state in its Amended Complaint who owned the Property immediately before Plaintiff acquired it. Plaintiff instead simply refers to "Plaintiff's predecessor." Additionally, Plaintiff's use of the word "Its" in describing persons or entities in the chain of title causes unnecessary confusion. Pl.'s Compl. 3.

**Memorandum Opinion and Order – Page 2**

Amended Complaint, Defendant attaches to its motion a copy of the Declaration of Covenants, Conditions and Restrictions for Valley Ranch Phase III Homeowners Association ("Declaration of Covenants").

For the reasons herein discussed, the court will **deny as moot** Defendants' original motion to dismiss. The court further concludes that dismissal of this action, based on the pleadings, is premature. The court will therefore **deny** Defendant's motion to dismiss Plaintiff's Amended Complaint.

## II.     Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.

**Memorandum Opinion and Order – Page 4**

*R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.    Analysis

### A.    Whether Plaintiff has Standing to Bring this Lawsuit

Defendant contends that the Note and Deed are between it and Milton Carrero, that Plaintiff was not a party to the Note and Deed, and that Plaintiff therefore has no legal rights or interests in the Property and no standing to assert claims based on the Note and Deed. For support, Defendant cites *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002); *MCI Telecommunications Corporation v. Tex. Utilities Electric Company*, 995 S.W.2d 647, 651 (Tex. 1999); and *Bittinger v. Wells Fargo Bank, NA*, 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010).

The issue in all of these cases was whether the plaintiff had standing to bring a breach of contract claim against the defendant as either a party, assignee, or third party beneficiary to the contract. Here, Plaintiff has not asserted a breach of contract claim against Defendant under the Note or Deed. Thus, the cases cited by Defendant and the reasoning in those cases are inapplicable to the

claims asserted in this case.  Moreover, Plaintiff alleges that it purchased the Property from the Carreros.  Accordingly, Defendant is not entitled to dismissal of Plaintiff's quiet title claim and request for declaratory judgment on this ground.

### B.    Declaratory Judgment

#### 1.    Presence of Actual Controversy

Defendant contends that Plaintiff seeks a declaration that Defendant is barred from exercising enforcement powers under the Deed but fails to allege any facts beyond the conclusory, speculative assertion that Defendant has no right to foreclose on the Property.  Defendant further asserts that Plaintiff has the burden with respect to its request for declaratory judgment and is attempting to improperly shift the burden to Defendant of proving that it is the owner or holder of the original Note and Deed prior to foreclosing on the Property.   To support its contention that Plaintiff has the burden of proof as to its request for declaratory judgment, Defendant cites *Val-Com Acquisitions Trust v. Chase Home Finance, Limited Liability Company*, 434 F. App'x 395, 396 (5th Cir. Tex. 2011).  Based on the foregoing case, as well as *Val-Com Acquisitions Trust v. SunTrust Mortgage Company*, No. 11-10055, 2011 WL 3241929 (5th Cir. July 27, 2011); and *Val-Com Acquisitions Trust v. Chase Home Finance, Limited Liability Company*, 428 F. App'x 364, 365 (5th Cir. June 13, 2011), Defendant contends: "In cases where the plaintiff-mortgagor seeks a declaration of the putative-mortgagee's right to foreclose, a plaintiff who merely questions the authority of the putative-mortgagee to foreclose fails to state a claim."  Def.'s Br. 5.

Defendant's burden shifting argument is the same as that previously raised by Defendant's counsel and rejected by this court in *Preston v. Seterus, Inc.*, No. 3:12-CV-2395-L, 2013 WL 1091272 (N.D. Tex. Mar. 15, 2013).  As the court noted in *Preston*:

**Memorandum Opinion and Order – Page 6**

> Whether Plaintiffs have the ultimate burden of proof at trial on any of their claims is irrelevant here because, for purposes of Defendants' Rule 12(b)(6) motion, Plaintiffs have no burden of proof. Rather, the issue is whether Plaintiffs, based on their pleadings, have stated a claim upon which relief can be granted. While *Val Com Acquisitions Trust* and *Misczak* involved Rule 12(b)(6) motions, the issue in these cases was not the parties' burdens of proof but instead whether they had stated sufficient facts to state a claim to satisfy the actual case and controversy requirement for a federal declaratory judgment action.

*Id.* at *5. Thus, Defendant's burden shifting contention is without merit and misconstrues the case authority cited. Moreover, contrary to Defendant's assertion, Plaintiff's Amended Complaint does not appear to contest Defendant's status as the owner or holder of the original Note and Deed. Plaintiff instead alleges that Defendant does not have the right to enforce the Deed by administering a foreclosure of the Property because more than four years have elapsed since the Note secured by the Deed was accelerated. Plaintiff further alleges, and Defendant acknowledges, that Defendant has taken steps to foreclose on the Property pursuant to the Deed. Thus, unlike the cases relied on by Defendant, the facts as alleged in this case do not present a hypothetical or conjectural situation but instead present an actual controversy because Plaintiff alleges that more than four years have elapsed since the Note secured by the Deed was accelerated and that, as a result, Defendant does not have the right to foreclose under the Deed. Plaintiff has therefore met its burden of establishing the existence of an actual controversy for purposes of the Declaratory Judgment Act.[2] For all of these

---

[2] As to a plaintiff's burden of establishing the existence of an actual controversy under the Federal Declaratory Judgment Act, the court in *Val Com Acquisitions* explained:

> The Declaratory Judgment Act authorizes the federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." Such a declaration may issue only to resolve an actual controversy between the parties. An actual controversy is a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests." The controversy "'must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.'"

*Id.* at 434 F. App'x at 395-96 (quoting 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007);

reasons, the court determines that Defendant is not entitled to dismissal of Plaintiff's request for declaratory judgment on these grounds.

## 2.      Whether the Request for Declaratory Judgment is Improper

Defendant contends that Plaintiff's declaratory judgment claim is improper "because it is effectively trying to determine title to real property." Def.'s Br. 6. Defendant asserts that under Texas law, a declaratory judgment cannot be used to adjudicate title because section 22.01 sets forth the exclusive means and remedy *for a trespass to try title action*.

Plaintiff has asserted a quiet title claim, not a trespass to try title action. Moreover, Defendant fails to explain why this court cannot consider Plaintiff's request for declaratory judgment under the Federal Declaratory Judgment Act ("FDJA"), as it pertains to the dispute regarding the parties' rights and interests in the Property and Defendant's authority to foreclose, in light of its determination that Plaintiff has satisfied the actual controversy requirement for relief under the FDJA. Accordingly, Defendant is not entitled to dismissal of Plaintiff's request for declaratory judgment on this ground.

## C.      Defendant's Authority to Foreclose

## 1.      Whether Defendant has a Superior Right or Interest in the Property

Defendant contends, based on the Declaration of Covenants, that its rights or interest in the Property are superior to those of Plaintiff. The Declaration of Covenants relied on by Defendant is not referenced in or attached to Plaintiff's Amended Complaint. Consequently, the court cannot consider the Declaration of Covenants in ruling on Defendant's motion to dismiss pursuant to Rule

---

and *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989)) (internal footnotes omitted).

**Memorandum Opinion and Order – Page 8**

12(b)(6) because it is outside the pleadings. *Gines*, 699 F.3d at 820. Thus, Defendant is not entitled to dismissal of Plaintiff's claims on this ground.

### 2.      Equitable Right of Redemption

Defendant contends that Plaintiff has no equitable right to redeem the Property. While the issue of redemption was raised in Plaintiff's Original Petition, there is no reference to it in the Amended Complaint.  Accordingly, Defendant is not entitled to dismissal of Plaintiff's claims on this ground.

### 3.      Statute of Limitations

Defendant contends that Plaintiff's allegation that the statute of limitations has run on Defendant's time to foreclose on the Property is baseless.  Defendant contends that dismissal of this action is appropriate because Plaintiff does not allege when the loan was accelerated and instead relies on speculation that it has been four years since the loan was accelerated.  The court disagrees and concludes that Plaintiff's allegation, that more than four years have elapsed since the Note secured by the Deed was accelerated, is sufficient as this stage.  The court will therefore deny Defendant's motion to dismiss on this ground.

### D.      Request for Injunctive Relief

Defendant contends that Plaintiff's request for injunctive relief should be denied because it has no cognizable cause of action and it has not request any other valid remedy or relief.  Plaintiff's request for a temporary restraining order was denied on May 6, 2013, based on the record before the court, but this does not preclude injunctive relief if Plaintiff can later satisfy the elements required to grant injunctive relief. Further, given that the court has determined that Defendant is not entitled

to dismissal of Plaintiff's claims at this juncture, a ruling on Plaintiff's request for injunctive relief would be premature.

**IV.    Conclusion**

For the reasons herein stated, the court **vacates** the order of reference to the magistrate judge (Doc. 12) of Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7), **denies as moot** Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 7) in light of Defendant's later filed motion to dismiss Plaintiff's Amended Complaint, and **denies** Defendant's Motion for Dismissal of Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) (Doc. 15).

**It is so ordered** this 31st day of July, 2013.

Sam A. Lindsay
United States District Judge