IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KINGMAN HOLDINGS, LLC AS TRUSTEE OF THE DRAYTON DRIVE 8645 LAND TRUST,** § § § § | |
| Plaintiff, § | |
| § | Civil Action No. **3:13-CV-1688-L** |
| v. § | |
| § | |
| **THE BANK OF NEW YORK, AS TRUSTEE,** § § | |
| § | |
| Defendant. § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion for Summary Judgment (Doc. 32), filed February 18, 2014. After careful consideration of the motion, response, reply, record, and applicable law, the court **denies** Defendant's Motion for Summary Judgment.

**I.     Background**

This is a mortgage foreclosure case that was originally brought by the trustee of the Drayton Drive 8645 Land Trust ("Plaintiff") on March 27, 2013, in the County Court at Law No. 4, Dallas County, Texas, against Defendant The Bank of New York, as Trustee ("Defendant" or "BONY"). This case was removed by Defendant on May 2, 2013, on the grounds that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

In its Amended Complaint, the live pleading, Plaintiff alleges that it acquired the property at issue located at 8645 Drayton Drive, Dallas, Texas (the "Property")[1] in January 2012. Plaintiff further alleges that Defendant has taken steps to foreclose on the Property by recording a notice of foreclosure with the Dallas County clerk indicating that the borrowers are in default under the Deed.[2]

On November 30, 2005, Milton Carrero ("Carrero") signed a promissory note (the "Note") for $289,057.00 and also signed a Deed of Trust securing the Note. Pl.'s Appl. for Emergency Mot. for TRO ("Pl.'s TRO"), Ex. A. Carrero was the borrower, America's Wholesale Lender was the lender, and CTC Real Estate Services was the trustee. The Deed of Trust confirmed that Carrero irrevocably granted and conveyed to the trustee, in trust, with power of sale, the Property. According to Plaintiff, Carrero took title to the Property and recorded his deed on December 27, 2005. On June 18, 2008, a Notice of Assessment Lien was filed, stating that Milton Carrero and Herman Carrero were the owners of the Property and that they failed to pay their annual assessments to the Valley Ranch Residential Association. Pl.'s TRO, Ex. B. On November 4, 2008, Mark Disanti ("Disanti") acquired the Property at a Home Owners Association lien foreclosure, which was the result of Milton Carrero and Herman Carrero's failure to pay their annual assessments. Pl.'s TRO, Ex. C. In his declaration, Disanti states that he spoke with Bank of America, which he contends was the servicer of the mortgage initially taken out by Milton Carrero. Decl. in Supp. of

---

[1] The Property is described as: "Lot 44, Block A of Valley Ranch 24, an Addition to the City of Irving, Dallas County, Texas, according to the plat thereof recorded in volume 2002020, page 19, Map Records of Dallas County." Pl.'s Am. Compl. 2.

[2] As the court noted in its Memorandum Opinion and Order filed July 31, 2013, Plaintiff's Amended Complaint does not clearly explain to whom it is referring when discussing certain persons or entities, which leads to unnecessary confusion. The court obtained most of the background facts by referring to Plaintiff's Amended Complaint, Defendant's Motion for Summary Judgment, and Plaintiff's exhibits attached to its Emergency Application for Temporary Restraining Order.

**Memorandum Opinion and Order - Page 2**

Pl.'s Emergency Appl. for TRO 3.  Disanti states that Bank of America indicated that no payments had been made since April 1, 2008.

Disanti contends that after litigation, it was determined that Bank of America's lien was superior to his lien on the property.  Disanti contends that Bank of America provided him with a payoff schedule.  In his declaration, he then provides the following:

> Plaintiff's predecessor [Carrero] was in default to the home owners' association in or before 2008.  Plaintiff is informed that said predecessor was likewise in default under his obligations to the holder of the deed of trust at that same time.  At that time the house was vacant, and I recall being informed that the house had been posted for foreclosure by defendant's predecessor.

*Id*. at 3.

On August 1, 2011, the Deed of Trust that was originally issued to Carrero was transferred from America's Wholesale Lender and was assigned to Defendant.  Pl.'s TRO, Ex. E.  On January 17, 2012, Plaintiff contends that it acquired title to the Property and recorded its deed in the property records.

Plaintiff has asserted a quiet title claim and seeks a declaratory judgment and/or injunctive relief to prevent Defendant from foreclosing on the Property.  Plaintiff alleges that more than four years have elapsed since the Note secured by the loan was accelerated.  Plaintiff therefore contends that Defendant is barred by applicable statute of limitations under section 16.035 of the Texas Civil Practices and Remedies Code from exercising enforcement powers under the Deed of Trust.

II.     **Summary Judgment Standard**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas*

*Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

**Memorandum Opinion and Order - Page 4**

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Undisputed Facts

The following material facts are undisputed:

1) On November 30, 2005, Milton Carrero executed a Note payable to American's Wholesale Lender. The Note was secured by the property known as 8645 Drayton Drive, Irving, Dallas County, Texas 75063. With the execution of the Note, Carrero executed a Deed of Trust.

2) Defendant is the owner and holder of the Note and the beneficiary of the Deed of Trust.

### IV. Analysis

Defendant contends that Plaintiff (1) has no evidence to support its claim for declaratory judgment; (2) has no evidence to support its claim to quiet title; and (3) is not entitled to injunctive

relief.³ Defendant states that the only factual contention that Plaintiff asserts in its Amended Complaint is that enforcement of the Deed of Trust is barred by the statute of limitations. Plaintiff contends that more than four years have elapsed since the Note secured by the Deed of Trust was accelerated. Section 16.035(b) of the Texas Civil Practices and Remedies Code provides that "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Plaintiff therefore asserts that the cause of action must have accrued at the time that Carrero's (the borrower) loan matured.

The court determines that there is a genuine dispute of material fact as to whether four years have passed since the cause of action accrued. If there is sufficient evidence to demonstrate that four years have passed, or from which a jury could reasonably infer, Plaintiff has created a genuine dispute of material fact as to its claim to quiet title and its requests for declaratory judgment and injunctive relief.⁴ Plaintiff argues that its allegation that the statute of limitations has passed is based upon: (1) "the early default to the HOA"; (2) "a document that was submitted to this Court in conjunction with its earlier application for a Temporary Restraining Order"; and (3) "copy of a payoff statement issued by Defendant's predecessor . . . showing that the loan went into default around April 1, 2008." Pl.'s Resp. to Def.'s Mot. for Summ. J. 2-3. Plaintiff also states that it relies

---

³ Defendant seems to treat its motion for summary judgment as a "no-evidence" type of summary judgment, which is a creature of Texas Rule of Civil Procedure 166a(i). The court, however, will analyze the motion using the applicable standard under Federal Rule of Civil Procedure 56 as previously set forth.

⁴ To prevail in a suit to quiet title action, a plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. *See United States Nat'l Bank Ass'n v. Johnson*, No. 01-10-839-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (citations omitted).

**Memorandum Opinion and Order - Page 6**

"upon the representations made to him by Defendant's predecessor, referred to [in] his Declaration."[5] *Id*. at 3.

Plaintiff relies partially on inferences. It states that the payoff quote submitted in its Application for Temporary Restraining Order reflects that in April 2008, the principal balance on the note was more than $289,000. Plaintiff then states that in 2010, the payoff was over $390,000. Plaintiff argues that "a reasonable deduction from this evidence is that the loan went into default in May, 2008. Moreover, the July 16, 2010 notice from Bank of America reflects a 'Total Amount Due' of $390,148.42, showing an acceleration of the note." *Id*. at 3-4.

Defendant counters that the payoff quotes simply provide a "quote to pay off the loan" and do not provide any substantive evidence. Def.'s Reply in Supp. of Its Mot. for Summ. J. 4. Defendant also argues that the Reinstatement Quote from July 2010 shows "the amount to bring the loan current was $104,674.85, which demonstrates the entire amount due on the loan had not in fact been accelerated." *Id*. Defendant also contends that Plaintiff has failed to establish any rights in the Property and therefore has failed to establish its standing to bring his suit to quiet title or any suit challenging a foreclosure sale by Defendant.[6]

While Plaintiff partially relies on inferences, the court determines the inferences are reasonable and are therefore sufficient to create a genuine dispute of material fact as to when the

---

[5] Plaintiff occasionally refers to itself as "him" and refers to "his declaration," which is Mark Disanti's declaration. Plaintiff provides no explanation as to its connection with Disanti, but the court can infer that Disanti had some role within Kingman Holdings, LLC.

[6] While the court finds that a genuine dispute of material fact exists as to Plaintiff's ownership of the Property, the court has some concern that Plaintiff has not provided any documentation (other than Disanti's declaration) indicating the relationship between Disanti and Kingman Holdings, and that Plaintiff has not provided any documentation demonstrating its interest in the Property (other than Disanti's declaration). While its decision is a close call, the court believes the better approach at this stage is to allow the action to proceed to trial and allow a jury to make the necessary inferences and assess the credibility of the witnesses.

**Memorandum Opinion and Order - Page 7**

acceleration actually occurred. Plaintiff's exhibits show the Property's history of ownership. While the connection between Disanti and Plaintiff is not crystal clear, Plaintiff's Amended Complaint and Response to Defendant's Motion for Summary Judgment indicate that Disanti is a part of Plaintiff Kingman Holdings in some capacity. Disanti also states in his declaration that he has knowledge of Plaintiff's ownership of the Property. Additionally, that Carrero failed to pay his Homeowners Association fees provides some evidence that he could have failed to pay his mortgage. The Bank of America documents provided by Plaintiff also indicate the timing of Carrero's inability to make his loan payments. For these reasons, the court determines that a genuine issue of material fact exists as to Plaintiff's claims, and the court will deny Defendant's summary judgment motion.

In its reply, Defendant sets forth a number of objections. All of Defendant's objections relate to the Declaration of Mark Disanti. Defendant objects to the statement that Plaintiff is owner in fee simple of the Property based on speculation and lack of foundation. The court **overrules** Defendant's speculation and lack of foundation objections. Plaintiff has established that Disanti was a previous owner of the Property, and it is reasonable for him to know about the immediately subsequent ownership of the Property. Defendant also objects to several statements regarding what Bank of America may have told Disanti pursuant and contends that those statements are hearsay. The court **sustains** these objections, but the court notes that many of the facts offered by Bank of America can be found in Plaintiff's exhibits. Defendant also objects to any of Disanti's statements proclaiming that acceleration occurred as improper legal conclusions and lacking foundation. The court **sustains** these objections, but the court notes that a genuine dispute of material fact as to this issue can be determined by viewing Plaintiff's exhibits. Defendant also objects to the declaration in its entirety as there is no indication of Disanti's relationship with Plaintiff and Disanti does not

**Memorandum Opinion and Order - Page 8**

provided an actual signature to the declaration. The court has already discussed that it is reasonable for Disanti to know who possessed the Property immediately after him. The court also mentioned that, based on the language of Plaintiff, the court can infer that Disanti had some role within Kingman Holdings. Additionally, while Disanti does not provide a scanned image of his actual signature, he does provide an electronic signature at the end of his declaration. The court therefore **overrules** these objections.

V.    **Conclusion**

For the reasons stated herein, the court **determines** that a genuine dispute of material fact exists as to Plaintiff's quite title claim and its request for declaratory judgment and injunctive relief. Accordingly, the court **denies** Defendant's Motion for Summary Judgment.

**It is so ordered** this 15th day of April, 2014.

Sam A. Lindsay
United States District Judge